**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICHARD ARTHUR SCHMIDT, | : | |
| | : | Civil Action No. 11-5057 (RBK) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DONNA ZICKEFOOSE, | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner <u>pro se</u>
Richard Arthur Schmidt
F.C.I. Fort Dix
Fort Dix, NJ 08640

**KUGLER**, District Judge

    Petitioner Richard Arthur Schmidt, a prisoner currently confined at the Federal Correctional Institution, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is Warden Donna Zickefoose.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

Petitioner pleaded guilty in the U.S. District Court for the District of Maryland to one count of travel by a U.S. citizen in foreign commerce with intent to engage in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b), and one count of travel by a U.S. citizen in foreign commerce and engaging in illicit sexual conduct with a minor, in violation of 18 U.S.C § 2423(c).  On May 26, 2005, Petitioner was sentenced to a 180-month term of imprisonment, pursuant to which he is presently confined, to be followed by supervised release for life.  See United States v. Schmidt, Criminal No. 04-0052 (D.Md.).  Petitioner did not appeal.

Thereafter, Petitioner filed in the court of conviction a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, which was denied.  See Schmidt v. United States, Civil No. 07-0889 (D.Md.).  Petitioner did not appeal the denial of relief.

On March 25, 2011, Petitioner filed in the trial court a petition, under 28 U.S.C. § 1651, seeking "dismissal" of his convictions.  The trial court construed the Petition as a second motion to vacate under 28 U.S.C. § 2255, which it dismissed for

lack of jurisdiction.  See Schmidt v. United States, Civil No. 11-0806 (D.Md.).  Petitioner did not appeal.

On May 16, 2011, Petitioner filed in the trial court a second motion under 28 U.S.C. § 2255, which the trial Court dismissed without prejudice for lack of jurisdiction.  See Schmidt v. United States, Civil No. 11-1342 (D.Md.).  Petitioner did not appeal.

On June 9, 2011, Petitioner moved in the U.S. Court of Appeals for the Fourth Circuit for leave to file a second or successive motion under § 2255.  The Court of Appeals denied the motion.  See In re Schmidt, No. 11-0210 (4th Cir.).

On September 1, 2011, Petitioner filed this § 2241 Petition here, in the District of his confinement.  Petitioner argues here (1) that the United States had no jurisdiction over a crime involving travel between two foreign countries with no nexus to the United States; (2) that the United States had no maritime or territorial jurisdiction on a foreign aircraft not en route to or from the United States; (3) that the indictment violated the Due Process Clause because it failed to properly state an offense; and (4) that the indictment was flawed in that there was no evidence to support the charge.  In addition, Petitioner has filed a Motion [7] to amend the Petition to assert a claim of actual innocence, which this Court will grant.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

United States Code Title 28, Section 2244(b)(3)(A), provides that "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move

in the appropriate court of appeals for an order authorizing the district court to consider the application." If a second or successive petition is filed in the district court without such an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

### III. ANALYSIS

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241). Motions under § 2255 must be brought before the Court which imposed the sentence. See 28 U.S.C. § 2255. A one-year period of limitations applies to § 2255 motions. See 28 U.S.C. § 2255(f).

5

Section 2255, however, contains a safety valve permitting resort to § 2241, a statute without timeliness or successive petition limitations, and which is filed in the court of confinement, where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [the prisoner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective" where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

In Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002), the Court of Appeals emphasized the narrowness of the

6

"inadequate or ineffective" exception.  A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Id.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 539.

Thus, under Dorsainvil and its progeny, this Court would have jurisdiction over Petitioner's petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review.  See Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).

A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal procedural defect.[2] A litigant must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction, thus permitting him to argue the merits of his claim. A claim of actual innocence requires a petitioner to show: (a) new reliable evidence not available for presentation at the time of the challenged trial; and (b) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. See House v. Bell, 547 U.S. 518 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327 (1995). Furthermore, the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual innocence is extremely demanding and permits review only in the "extraordinary" case. See House, 547 U.S. at 536-37 (citing Schlup, 513 U.S. at 327).

---

[2] Before AEDPA, the Supreme Court held that a petitioner otherwise barred from filing a successive § 2255 motion "may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence." Herrera v. Collins, 506 U.S. 390, 404 (1993). This rule, the fundamental miscarriage of justice exception, is only granted in extraordinary situations, such as where it is shown that the constitutional violations probably resulted in the conviction of one who is actually innocent. See id.; McCleskey v. Zant, 499 U.S. 467, 494 (1991). The "claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera, 506 U.S. at 404.

Here, Petitioner has not presented <u>any</u> evidence that undermines the Court's confidence in his conviction pursuant to a guilty plea. The claim of "actual innocence" is completely unsubstantiated factually. Instead, it appears that Petitioner is simply re-characterizing his other claims as a claim of actual innocence. Moreover, it is clear that all of the claims asserted in the Petition were available to Petitioner at the time of his conviction and could have been asserted in a timely first motion under § 2255. Petitioner's claims do not fall within the <u>Dorsainvil</u> exception.

Accordingly, this Court lacks jurisdiction under § 2241 to hear Petitioner's claims. Instead, this Petition must be construed as a successive § 2255 motion, over which this Court, in the district of confinement, not conviction, also lacks jurisdiction.

As noted above, whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Because this claim could have been raised in a timely § 2255 motion, because Petitioner has already raised numerous unsuccessful challenges to his conviction before the trial court and before the Court of Appeals for the Fourth Circuit, and because the Court of Appeals for the Fourth

9

Circuit has previously denied Petitioner leave to file a second or successive motion, it would not be in the interest of justice to construe the Petition as one for leave to file a second or successive § 2255 motion and to transfer it to the Court of Appeals for the Fourth Circuit.  The Petition will be dismissed for lack of jurisdiction.

Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue.

### IV.   CONCLUSION

For the reasons set forth above, the Petition will be denied.  An appropriate order follows.

s/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: August 8, 2012